No. 956-15

Kyle Miller
　　Appellant/Petitioner    In the Court of Criminal Appeals
　VS.    for the State of Texas Sitting at
The State of Texas    Austin, Texas

ORIGINAL

PETITION FOR DISCRETIONARY REVIEW

Appellant Pro-Se

FILED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

# INDEX

LIST OF AUTHORITIES

I. STATEMENT OF THE CASE

II. PROCEDURAL HISTORY OF THE CASE

III. GROUNDS FOR REVIEW

A. Fourth Court of Appeals incorrectly held Appellant's/Defendant's filing of motions Pro-Se to be a hybrid representation.

B. Fourth Court of Appeals incorrectly held Appellant's point of error of granting State's Motion in Limine as invalid due to objections made of the granting itself and not objections or rulings during trial made, therefore no preservation. Contrary can be found in transcripts as well as Brief and here.

C. Fourth Court of Appeals had incorrectly held that Statements taken while Appellant/Defendant was in custody for *Miranda* purposes were admissible as the Court is given total deference is a blatant disregard for laws, rules, and procedures, both State and Constitutional.

D. Fourth Court of Appeals held Appellant's Ineffective counsel claim to be invalid if " counsel's reason for his conduct do not appear in the record, we will defer to counsel's decisions and deny relief on ineffective counsel on direct appeal."

## IV. REASONS FOR REVIEW

A. The Fourth Court's decision can be overturned as Appellant/Defendant at the time of filing said motions had an ineffective counsel, dismissed as such, thus validating Appellant/Defendant's filing of said motions as time requirements, effective assistance, and T.C.C.P. Article 1.05 allow this to be done if counsel is negligent in his duties. This is the case here.

B. The Fourth Court's opinion state's that no objection was made during trial to preserve error as well as receive/obtain an adverse ruling on admissibility of evidence when in fact the opposite can be found in mistrial transcripts in which Appellant has been denied receipt of, as well as the fact that the Bill of Exception transcribed on November 7, 2013, was just this. Appellant obviously received the opposite of Court's opinion to have had this Bill allowed to be made.

C. The Appellant/Defendant in this case was in custody for *Miranda* purposes the definition describes and Officer Morgan testified she was told not to read Appellant his rights after he was already in custody and Officer Woodard ignored the requirements of the San Antonio Police Department's Manual, as did Officer Morgan, as to the administration of said warnings that have been established and enforced by the Fifth Amendment of the United States Constitution and cannot be circumvented through illegality, or at all, which is just such the case here as found in the Reporter's Record.

D. Appellant's final claim is ineffective counsel and contrary to Fourth Court of Appeals opinion, this issue can be raised for the first time on appeal as well the record supports counsel's lack of assistance as a key witness to offer exculpatory and mitigating evidence was not provided as requested; the record

cannot reflect a firmly founded claim, as Appellant does not or might not know an error has been committed. This also undermines the counsel's relationship with the Defendant. Furthermore, a motion for new trial (filed) is the instrument by which preservation is first asserted and as is such the Appellant's case, if denied the first and only available remedy due to time restrictions is direct appeal. An attorney is never put in a spot to both cite and assess his own errors, thus leaving Appellant with this option to raise claim on appeal in accord with filing times. For this ineffective claim, Appellant also cites state and federal case laws to validate his claim and support it as his lack of obtaining witness and improper or lacking arguments to allow evidence under *Brady*, had a direct effect on the outcome of trial and should have moved not for mistrial at the first run, but acquittal in accord with rules and Constitutions.

## V. CONCLUSION AND PRAYER
## VI. CERTIFICATE OF SERVICE

APPENDIX
FOURTH COURT OF APPEALS OPINION

# LIST OF AUTHORITIES

I. CASES

Agard V. Portuondo     159 F. 3d 98 (CA 2 1998) . . 11

Alcorta V. Texas     355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9 (1957) . .12

Alford V. State     22 S.W. 3d 669 (Tex. App.-Fort Worth 2000, pet. ref'd) . .7

Allridge V. Cockrell     92 Fed. Appx. 60 (5th Cir. (Tex.) 2003) . .11

Aycock V. State     115 S.W. 590, 55 Tex. Crim. 142 (1909) .5

Bandy V. United States     408 F. 2d 518 (CA 8 1969) . 4

Banks V. Dretke     WL 4914890 E.D. Tex. 2006 . 6, 12

Barker V. Wingo     407 U.S. 514, 92 S.Ct. 2182 (1972) . 4

Bates V. State     321 S.W. 2d 76 (Tex. Crim. App. 1959) .7

Bell V. Milwaukee     746 F. 2d 1205 (1984) . .7

Berger V. U.S.     295 U.S. 78, 88 (1935) . .5

Bhakta V. State     981 S.W. 2d 293 (Tex. App. San Antonio 1998, pet. ref'd) . .6

Billy-Eko V. United States     8 F. 3d 111 C.A. 2 (1993) . .11

Boyde V. State     513 S.W. 2d 588 (Tex. Crim. App. 1974) . .8

Brady V. Maryland     U.S. Sup. Ct. (1963) . .5

Brady V. Maryland     373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) . .6

Brady V. Maryland     373 U.S. 83 (1963) . .12

Brady V. Maryland     397 U.S. 753 (1970) . .5, 11

Brewer V. Williams     430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed. 2d 424 (1977) . .8

Brooks V. State     323 S.W. 3d 893 (Tex. Crim. App. 2010) . .6

Burns V. State     486 S.W. 2d 310 (Tex. Crim. App. 1971) . .7

Cage V. Luisiana     498 U.S. 39, 111 S.Ct. 328, 112 L. Ed. 2d 399 (1990) . .6

Caraway V. State     417 S.W. 2d 159 (Tex. Cc. App. 1967) . .12

Castaneda V. State     28 S.W. 3d 216 (Tex. App. El Paso 2000) . .12

Castillo V. State     374 S.W. 3d 357 (Tex. App. San Antonio 2010) . .6

Cox V. Curtin     628 F. Supp. 2d 918 (W.D. Mich. 2010) . .6

Crane V. Kentucky     476 U.S. 683, 690 [106 S.Ct. 2142 [(1984)] . .5

Crocker V. State     573 S.W. 2d 190 (Tex. Crim. App. 1978) . .6

Dennis V. Wetzel     966 F. Supp. 2d 489 (E.D. Pa. 2013) . .5

DeVaughn V. State     296 Ga. 475, 769 S.E. 2d 70 (2015) . .8

Dickerson V. U.S.     U.S. Sup. Ct. (2000) . .8

Dickey V. Florida     398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970) . .4

Ex Parte Adams     768 S.W. 2d 281, 293 (Tex. Crim. App. 1989) . .6

Ex Parte Chabot     300 S.W. 3d 768, 770-771 (Tex. Crim. App. 2009) . .8

Ex Parte Graves     271 S.W. 3d 801 (Tex. App.-Waco 2008) . .6

Ex Parte Peterson     117 S.W. 3d 804, 816-17 (Tex. Crim. App. 2003) . .11

Franklin V. State     138 S.W. 3d 351 (Tex. Crim. App. 2004) . .6

Franklin V. State     986 S.W. 2d 349, 352 (Tex. App.-Texarkana 1999) . .6

Freeman V. State     354 S.W. 2d 141, case 2 (Tex. Crim. App. 1959) . .7

Garcia V. State     35 S.W. 3d 227, 241 (Tex. App.-Houston [14th Dist.] 1999) .7

Garner V. State     464 S.W. 2d 111 (Tex. Crim. App. 1971) . .7, 11

Geders V. United States     425 U.S. 80, 96 S.Ct. 1330... (1976) . .5, 11

Gideon V. Wainwright     U.S. Sup. Ct. (1963) . .8

| Case | Citation | Page |
|---|---|---|
| Gonzalez V. State | 838 S.W. 2d 848 (Tex. App.-Houston [1st Dist.] 1992) | .5 |
| Green V. State | 55 S.W. 3d 633 (Tex. App. Tyler 2001) | .12 |
| Greene V. Cooper | 2013 WL 1567444 (W.D. La. 2013) | .11 |
| Griffin V. State | 614 S.W. 2d 155 (Tex. Crim. App. 1981) | .6 |
| Hamel V. State | 916 S.W. 2d 491 (Tex. Crim. App. 1996) | .5 |
| Hardin V. Stephens | WL 1724849 (N.D. Tex. 2014) | .6 |
| Hernandez V. State | 726 S.W. 2d 53 (Tex. Cri App. 1986) | .12 |
| Higginbaum V. State | 416 S.W. 3d 921 (Tex. App. Houston 1st. Dist. 2013) | .12 |
| Hodges V. United States | 408 F.2d 543, 551 (CA 8 1969) | .4 |
| Holmes V. South Carolina | 547 U.S. 319 (2006) | .5,7 |
| Hudson V. State | 956 S.W. 2d 103 (App. 12 Dist. 1997) | .5 |
| Jackson V. State | 877 S.W. 2d 768, 771 (Tex. Crim. App. 1994) | .12 |
| Jackson V. Virginia | 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) | .6 |
| J.D.B. V. North Carolina | 131 S.Ct. 2394 U.S. N.C. (2011) | .8 |
| Jenkins V. State | 625 S.W. 2d 324 (Tex. Crim. App. 1981) | .5 |
| Johnson V. State | 169 S.W. 3d 223 (Tex. Crim. App. 2005) | .12 |
| Keeter V. State | 43 S.W. 3d 667, 676 (Tex. App.-Waco 2001) | .6 |
| Keeter V. State | 74 S.W. 3d 31, 39 (Tex. Crim. App. 2002) | .6 |
| Keeter V. State | 97 S.W. 3d 709 (Tex. App.-Waco 2003) | .6 |
| Kyles V. Whitley | 514 U.S. 419, 445-46 (1995) | .6 |
| Lockett V. Ohio | 438 U.S. 586, 606, 98 S.Ct. 2954, 2956 (1978) | .5 |
| Lombard V. Lynaugh | 868 F.2d 1475 (CA 5 1989) | .11 |
| Lopez V. State | WL 4487555 (Tex. App. Austin 2013) | .6 |
| Lopez V. State | 500 S.W. 2d 844 (Tex. Crim. App. 1973) | .6 |
| MacKenna V. Ellis | 280 F.2d 592 (5th Cir. 1960), cert denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed. 2d 78 (1961) | .12 |
| Malloy V. Hogan | U.S. Sup. Ct. (1964) | .8 |
| Marin V. State | 851 S.W. 2d 275, 278-79 (Tex. Crim. App. 1993) | .6 |
| Martinez V. State | 272 S.W. 3d 615 (Tex. Crim. App. 2008) | .8 |
| Massaro V. United States | 583 U.S. 500, 505 (2003) | .12 |
| Means V. State | 429 S.W. 2d 490 (Tex. Crim. App. 1968) | .5 |
| Mempha V. Rhay | 389 U.S. 128, 134, 88 S.Ct. 254, 256 19 L.Ed. 2d 336 (1967) | .11 |
| Menefee V. State | 211 S.W. 3d 893 (Tex. App. Texarkana 2006) | .12 |
| Mercado V. State | 615 S.W. 2d 225 (Tex. Cr. App. 1981) | .12 |
| Meyer V. Estelle | 621 F.2d 769 (5th Cir. (Tex.) 1980) | .12 |
| Mich. V. Tucker | 417 U.S. 433 (1974) | .8 |
| Miranda V. Arizona | 348 U.S. 436, 444 (1966) | .7 |
| Moffett V. Kolb | 930 F.2d 1156 (CA 7 1991) | .8,11 |
| Mooney V. Holohan | 294 U.S. 103, 555 C.t 340, 79 L.Ed. 791 (1935) | .5 |
| Morrow V. State | 753 S.W. 12 (Tex. App.-Dallas 1989, pet. ref'd) | .11 |
| Moser V. United States | 381 F.2d 363 (CA 9 1967) | .4 |
| Murray V. Carrier | 477 U.S. 496, 91 L.Ed. 2d 397, 106 S.Ct. 2639 (1986) | .12 |
| Napue V. People V. Illinois | 360 U.S. 264, 3 L.Ed. 2d 1217, 79 S.Ct. 1173 (1959) | .8,11 |
| Nero V. Blackburn | 597 F.2d 991, 994 (5th Cir. 1979) | .12 |
| Newcomb V. State | 95 S.W. 1048 (49 Tex. Crim. 550, 1906) | .5 |
| Paez V. State | 681 S.W. 2d 34, 37 (Tex. Crim. App. 1984) | .7 |
| Parle V. Runnels | 505 F.3d 922 (CA 9 2007) | .5,8,11 |

Kandle V. State 847 S.W. 2d 576, 580 (Tex. Crim. App. 1993). 12
Ries V. Quarterman 522 F. 3d 517 (5th Cir. (Tex.) 2008). 11
Roberson V. McDonald Transit Associates, Inc. 574 Fed. Appx. 323 C.A.5 (Miss. 2014). 12
Robinson V. State 16 S.W. 3d 808 (Tex. Crim. App. 2000). 12
Robinson V. State 139 S.W. 3d 748 (Tex. App. Corpus Christi 2004). 12
Smith V. Hooey 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607 (1969). 4
Smith V. State 420 S.W. 3d 207 (Tex. App. 1st Dist. 2013). 11
State V. Stevenson 184 S.W. 2d 143 (Tex. App.- Fort Worth 1990). 7
Strickland V. Washington 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). 11
Strickler V. Greene 527 U.S. 263, 282 (1999). 5
Tate V. State 981 S.W. 2d 189 (Tex. Crim. App. 1998). 5
Thomas V. State 841 S.W. 399 (Tex. Crim. App. 1992). 5, 12
Thompson V. Keohane 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed. 2d 383 (1995). 8
Townsend V. Burke 344 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). 11
Tuff V. State 627 S.W. 2d 529 (Tex. App.- Fort Worth 1982). 5
United States V. Agurs 427 U.S., at 104, 112-113, 96 S.Ct., at 2397, 2401-2401 (1976). 5
United States V. Bagley 473 U.S. 667, 682 (1985). 6
United States V. Lebrun 363 F. 3d 715, 720 (8th Cir. 2004). 8
United States V. Ollie 442 F. 3d 1135, 1137 (8th Cir. 2006). 8
United States V. Olsen 737 F. 3d 625, 626 (9th Cir. 2013). 5
United States V. Pugliese 805 F. 2d 1117 (CA7 1986). 11
Upton V. State 853 S.W. 2d 548 (Tex. Crim. App. 1993). 7
U.S. V. Ambani 111 F. 3d 705 (CA9 1997). 5
U.S. V. Cronic 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984). 11
U.S. V. Martinez 462 F. 3d 903, C.A.8 (Minn. 2006). 8
U.S. V. Paul 142 F. 3d 836, 843 (5th Cir. 1998). 8
U.S. V. Provoo 17 F.R.D. 183 (D. Md.), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 2d (1967). 4
U.S. V. Rivera 384 F. 3d 49 (CA3 2004). 11
U.S. V. Stever 603 F. 3d 747 (CA9 2010). 6
U.S. V. Tory 52 F. 3d 207 (CA9 1995). 6, 8, 12
Vela V. Estelle 708 F. 2d 954 (CA5 1983). 11
Walberg V. Israel 766 F. 2d 1071 (CA7 1985). 5, 11
Washington V. St. of Texas 388 U.S. 14, 18 L.Ed. 2d 1029, 87 S.Ct. 1920 (1967). 11
Westbrook V. State 29 S.W. 3d 103, 115 (Tex. Crim. App. 2000). 12
Wiggins V. Smith 539 U.S. 510, 523 (2003). 12
Wilson V. State 311 S.W. 3d 452, 458 (Tex. Crim. App. 2010). 8
Wood V. State 271 S.W. 3d 329 (Tex. App. San Antonio, 2008). 5
Wood V. State 486 S.W. 2d 359 (Tex. Cr. App. 1972). 5
Wong Sun V. United States 371 U.S. 471, 478 (1963). 7

# II. CONSTITUTION

Federal 4th Amendment 11
Federal 5th Amendment 6, 7, 11
Federal 6th Amendment 3, 6, 7, 9, 11
Federal 14th Amendment 3, 6, 11

State Article I § 9 11
State Article I § 10 3, 11

| State | Article 18.13 | .6 |
| State | Article 18.14 | .6 |
| State | Article 18.19 | .6,11 |

## III. STATUTES

| Texas Government Code Ann. §22.108 | .11 |
| Texas Government Code Ann. §83.006 | .11 |
| Texas Government Code Ann. §508.149(a)(1) | .11 |
| Texas Code of Criminal Procedure | Article 1.04 | .6 |
| Texas Code of Criminal Procedure | Article 1.05 | .3,6,7,11 |
| Texas Code of Criminal Procedure | Article 2.01 | .6 |
| Texas Code of Criminal Procedure | Article 2.132 | .7 |
| Texas Code of Criminal Procedure | Article 2.135(B)(2) | .7 |
| Texas Code of Criminal Procedure | Article 2.137 | .7 |
| Texas Code of Criminal Procedure | Article 3.04 | .7 |
| Texas Code of Criminal Procedure | Article 15.22 | .7 |
| Texas Code of Criminal Procedure | Article 26.04(c)(2) | .11 |
| Texas Code of Criminal Procedure | Article 37.07 | .11 |
| Texas Code of Criminal Procedure | Article 38.18 | .7 |
| Texas Code of Criminal Procedure | Article 38.22 | .7 |
| Texas Code of Criminal Procedure | Article 38.23 | .7,11 |
| Texas Code of Criminal Procedure | Article 38.36(a)(b)(1)(2) | .11 |
| Texas Code of Criminal Procedure | Article 39.14 | .11 |
| Texas Penal Code | §16.02(a)(b)(1)(2) | .11 |
| Texas Penal Code | §36.05(a)(1)(2)(b) | .7,8 |
| Texas Penal Code | §37.02(a)(1)(2) | .7,8 |
| Texas Penal Code | §37.03(a)(1)(2) | .7 |
| Texas Penal Code | §37.09(a)(1)(2)(d)(1) | .7 |
| Texas Penal Code | §37.10(a)(1)(2)(3)(5)(2)(e)(f)(h)(j) | .7 |
| Texas Penal Code | §38.01(A)(B) | .7 |
| Texas Penal Code | §39.02 | .7 |
| Texas Penal Code | §39.03 | .7 |
| Texas Penal Code | §39.06 | .7 |
| San Antonio Police Department General Manual-Section 3.00, Subsection 3.02 | .7 |
| San Antonio Police Department General Manual-Section 5.00, Procedure 502, Subsection .08,1-4,D | .7,7 |

## IV. RULES

| Texas Rules of Appellate Procedure | 21.3(e)(h) | .6,11 |
| Texas Rules of Appellate Procedure | 33.1(a)(b) | .6,11 |
| Texas Rules of Appellate Procedure | 44.2(a) | .6,7,11 |
| Rules of Evidence-Rule 401 | .11 |
| Rules of Evidence-Rule 404(2)(3)(b) | .11 |
| Rules of Evidence-Rule 405(a)(b) | .11 |
| Rules of Evidence-Rule 406 | .11 |
| Rules of Evidence-Rule 803(6) | .11 |
| Rules of Evidence-Rule 1003 | .11 |
| Disciplinary Rules of Professional Conduct-Rule 1.01 | .3,11 |
| Disciplinary Rules of Professional Conduct-Rule 1.02 | .3,11 |
| Disciplinary Rules of Professional Conduct-Rule 1.06 | .3,11 |
| Disciplinary Rules of Professional Conduct-Rule 3.09(d)(Prosecutors) | .5,6,11 |
| Disciplinary Rules of Professional Conduct-Rule 8.04 | .11 |

No._____

Kyle Miller

Appellant/Petitioner ) In the Court of Criminal Appeals
) for the State of Texas Sitting at
vs. ) Austin, Texas
The State of Texas )

## PETITION FOR REVIEW

To the Honorable Court of Criminal Appeals:

## I. STATEMENT OF THE CASE

On the 2nd day of April, 2011, Appellant/Defendant became engaged in an argument that began as verbal with Francis "Randy" Davis, and ended with Appellant/Defendant stabbing victim (Davis) one time in self-defense as was testified to at two trials. Appellant/Defendant had no record/criminal history unlike victim whose was extensive. A Bill of Exception was made by Appellant/Defendant and his mother as to such and this was kept out of jury presence as it shows that Appellant/Defendant is justified in use of deadly force in self defense.

## II. PROCEDURAL HISTORY OF THE CASE

On an indictment charging the defendant with the offense of Murder, he was tried by a jury and after a hung jury received a mistrial only to be re-tried on "new evidence" three weeks later and received a conviction of guilty with a sudden passion finding meaning the act was committed with adequate cause and received a punishment of eight years imprisonment for second degree murder. Notice of appeal was given in the trial court and case was appealed to the Fourth Court of Appeals. The Court of Appeals opinion denying relief to the defendant was delivered on the 17th day of June, 2015.

## III. GROUNDS FOR REVIEW

A. The Court of Appeals incorrectly held that Appellant/Defendants filing of Pro-Se motions for speedy trial is a hybrid representation, Miller holds and can show counsel at the time was ineffective as the The Board of Disciplinary Appeals affirmed this on February 14, 2013 and was further affirmed by counsel's withdrawal on March 11, 2013 (C.R. pgs 262-266) due to violations of Texas Disciplinary Rules of Professional Conduct:

and his filing of Motion for Speedy Trial was October 13, 2011 (not filed or time stamped with rest of motions on same day, C.R. pgs. 25-46, but placed on pages 431 and 432 to hide attempt at right) and the violation comes from ineffective counsel as documented and C.R. pgs. 262-266 show such was known to the Court prior to trial as Honorable Mary Roman signed both Motion to Withdraw as Counsel (C.R. 262-266) and Appointment of Attorney found on page 267 of the C.R. on the same day. Analysis of Speedy Trial should have been triggered as twenty-three months elapsed since date of arrest. Speedy Trial assertion began October 13, 2011 (C.R. pgs. 431-432) and time stamped request was C.R. pg. 59-60 as counsel was ineffective, hence C.R. pages 119-120 finally granted in C.R. pages 262-266, in hand with State Bar Grievance filed.

**B.** The Court of Appeals incorrectly held "Miller complained of trial court's order and not ruling made during trial" as objections were made during two motion hearings and on page 21 of volume 4 of 6 of the R.R., it is objected to that this is just such the case, and the Bill of Exception transcribed November 7, 2013, validates just such an objection. Miller objected to admissibility of evidence via counsel during motion proceedings as well as in the R.R. in the second trial of this proceeding found in volume 3 of 6, pages 219-223. Objections found in motion hearings were refused by Court of Appeals by Appellant's request for them to cite the objections properly as C.R. pgs. 283-286 and 300-302 were not ruled on due to the requests made by both that countered and rendered State's motion in limine null and void.

**C.** The Court of Appeals incorrectly held points three and four invalid and overruled as to "Miller not being in custody", yet by the definition when the officers asked him, handcuffed, questions pertaining to specifics or their functional equivalent, he assumed he was already under arrest and was not Mirandized as is policy and procedure. The objections came into court per motion's filed in the C.R. pages 277-278; 279-280; 287-290 and were denied and counsel failed in effectiveness to reassert certain objections afterwards, Officer Morgan revealed "I was told not to read him his rights", found in R.R. volume 2 of 6, pages 200 and 201 and beforehand on pages 188 and 195 of the same record and volume admitted to the opposite, Miller was in custody answering express questions. Prior to these statements, divulging the location of the knife, Miller answered Officer Woodard's direct question as to this, R.R. volume 2 of 6, page 166. This cancels and absolves the public safety and officer safety requirements for not Mirandizing an accused in custody.

---

① The Clerk's Record and Reporter's Record will be refered to as C.R. and R.R. respectfully.

2.

D. The Court of Appeals incorrectly held Miller's ineffective assistance of counsel claim in and of the fact that Discovery material is to be given to counsel upon request thus in order to prepare an adequate defense, given to his client. Further, trial strategy should not allow Judicial misconduct as to giving jury false stating of time credit during punishment phase. This is after counsel's failure object to the denial of motions filed to produce evidence during trial and obtain and compel witnesses. This comes after his failure to compel the Honorable Mary Roman to render a verdict after jury could not, being the only remedy to such is acquittal this would not sit well with Susan Reed so the opposite was done, thus rendering Defendant/Appellant guilty after second trial. The record is silent due to the record never being affirmatively demonstrating this problem as a lack of objections results from counsel letting the record be made to show guilt of client instead of objections.

## IV. REASONS FOR REVIEW

A. The filing of motions is a right of both client and counsel as per the Texas Disciplinary Rules of Professional Conduct set forth. Appellant states his right was violated as it took two-plus years to set him for trial as his counsel did not file motions himself and a hybrid representation is not the case as counsel was ineffective, later withdrew per order for this, and all motions filed have a spot for "Attorney for Defendant signature," located on the bottom left of each. This ineffectiveness as ruled by the Board of Disciplinary Appeals, on February 14, 2013 by Executive Director & General Counsel Christine E. McKeenan, left Appellant with the understanding he was right in preserving his right by asserting means to procure this Sixth Amendment of the United States Constitution guarantee.

The right to speedy trial under the Sixth Amendment is made applicable by the Fourteenth Amendment to the United States Constitution under due process and must be asserted by a timely motion made to the trial court. If the defendant fails to assert the right in this manner or acquieces in the face of protracted, pretrial delays, he may not raise the issue for the first time on appeal, unless defendant's failure to raise the issue earlier was due to attorney's NEGLIGENCE. By counsel being seen by the Board of Disciplinary Appeals as violating the Rules having been established for him to abide by, Appellant/Defendant, Miller's right to counsel as well as his right to speedy trial were violated both at the same time in violation of the Sixth and Fourteenth Amendments to the United States Constitution; Article 1, Section 10 of the Texas Constitution; Article 1.05 of the Texas Code of Criminal Procedure; and lastly Rule 1.01, Competent and Diligent Representation and Rule 1.02, Scope and Objectives, and Rule 1.06, which pertains to a conflict of interest in representation, all

3.

of the Texas Disciplinary Rules of Professional Conduct and Defendant/Appellant was well within his right to not allow, silently, his claim to a speedy trial be lost. The delay produced by counsel was, in itself, partnered with State due to lack of sufficient case, a "deliberate choice for a supposed advantage, which caused as much oppressive delay and damage to the defendant as it would have caused if it had been made in bad faith", *U.S. V. Provoo*, 17 F.R.D. 183 (D.Md.), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 2d 1 (1967).

In *Barker V. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972), it's specified that it is the State's duty to bring defendant to trial in accordance with due process. See also *Smith V. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607 (1969), and *Dickey V. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970) both hold "that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment", *Smith*, 386 U.S., at 223, 87 S.Ct. at 993, and this case compels such an attempt to set the criteria by which the speedy trial right is to be judged, *Dickey*, 398 U.S., at 40-41, 90 S.Ct. at 1570. Due to ineffective hired counsel's lack of initiative and willingness to do his job, Appellant/Defendant is not liable for the procedures he partook to ensure his right. After twenty three months, the denial of a speedy trial can be found despite an absence of demand under certain circumstances (counsel's withdrawal via Board of Disciplinary Appeals judgement) as this was a purposeful, oppressive delay which overcomes a failure to demand (hybrid representation) and this should have been one of many other considerations taken by the court., see *Bandy V. United States*, 408 F. 2d 518 (CA8 1969); *Moser V. United States*, 381 F. 2d 363 (CA9 1967). This right is a constitutional guarantee, and as such, is not to be honored only for the viligant and knowledgeable, *Hodges V. United States*, 408 F. 2d 543, 551 (CA8 1969),

B. The granting of the State's motion in Limine was not objected to, but "complained of trial courts order and not ruling made during trial", as decided by the Court of Appeals (Fourth). This is a blatant oversight as objections to this motion were made during motion hearing where this and defendant's motion in Limine were granted. This is also objected to, found in volume 4 of 6, pg 21 of the R.R. and supported by the Bill of Exception transcribed November 7, 2013. Prior to second trial, after Mistrial, objections were made and are found in the R.R. on pages 219-223 in volume 3 of 6. Appellant/Defendant requested the transcripts from Mistrial and motion hearings, on July 16, 2014, and was subsequently denied by the Fourth Court of Appeals, as to allow him to cite said claims. In the C.R. on pages 283-286 and 300-302, the motions found were not granted as they are a formal objection to the Limine and rendered it null and void had they been granted. The Rules of Evidence found in the Texas Code of Criminal Procedure allow the information kept out of these proceedings to in fact be admitted in the jury's presence and not kept

4.

out as in Rule 3.09(d) of the Disciplinary Rules of Professional Conduct, the prosecutor is not allowed to do this and if the issue of self defense is raised a victim's character and entire history is allowable. These can be found true in *Gonzalez V. State*, 838 S.W.2d 848 (Tex. App.- Houston [1st Dist.] 1992); *Tuff V. State*, 627 S.W. 2d 529 (Tex. App.- Fort Worth 1982); *Jenkins V. State*, 625 S.W. 2d 324 (Tex. Crim. App. 1981) in which all are reversible error cases. that support Appellants claims.

The R.R. shows objection made in volume 4 of 6 on page 21 as the burden, unfairly, was placed on Appellant/Defendant, as Rule 404(b); *Tate V. State*, 981 S.W. 2d 189 (Tex. Crim. App. 1998); and *Hamel V. State*, 916 S.W. 2d 491 (Tex. Crim. App. 1996); and exceptionally held to this error *Jenkins V. State*, 625 S.W. 2d 324 (Tex. Crim. App. 1981) all specify that Appellant should have been allowed to introduce **all** the evidence kept out and the fact he was not shows both judicial misconduct in Honorable Judges Roman and Priest and imposes and inserts government influence in the presenting of Appellant/Defendant's defense. See *Means V. State*, 429 S.W. 2d 490 (Tex. Crim. App. 1968) quoting *Mooney V. Holohan*, 294 U.S. 103, 555 Ct. 340 79 L. Ed. 791 (1935); *Alcock V. State*, 115 S.W. 590, 55 Tex. Crim. 142 (1909); *Holmes V. South Carolina*, 547 U.S. 319 (2006); *Hudson V. State*, 956 S.W. 2d 103 (App. 12 Dist. 1997); *Newcomb V. State*, 95 S.W. 1048 (49) Tex. Crim. 550, 1906); *Wood V. State*, 271 S.W. 3d 329 (Tex. App. San Antonio, 2008); *Wood V. State*, 486 S.W. 2d 359 (Tex. Cr. App. 1972); *Thomas V. State*, 841 S.W. 2d 399 (Tex. Crim. App. 1992); state and support the prejudice and Constitutional violations of this granting and objections made during trial. The governmental influence is defined and upheld by *Geders V. United States*, 425 U.S. 80, 96 S. Ct. 1330... (1976); *Lockett V. Ohio*, 438 U.S. 586, 606, 98 S. Ct. 2954, 2956 (1978); *U.S. V. Amlani*, 111 F. 3d 705 (CA 9 1997); *Walberg V. Israel*, 766 F. 2d 1071 (CA 7 1985); *Earle V. Runnels*, 505 F. 3d 922 (CA 9 2007); and *Crane V. Kentucky*, 476 U.S. 683, 690 [106 S.Ct. 2142 [(1984)].

The violation of Appellant's/Defendant's rights regarding this granting, come before the granting, as all aforementioned should have been and are known to both Judges' and prosecutor's. Hence the holdings and citing's in *Brady V. Maryland*, U.S. Sup. Ct. (1963); 397 U.S. 753 (1970); *Berger V. U.S*, 295 U.S. 78, 88 (1935); *Dennis V. Wetzel*, 966 F. Supp. 2d 489 (E.D. Pa. 2013); *Strickler V. Greene*, 527 U.S. 263, 282 (1999); and *United States V. Olsen*, 737 F. 3d 625, 626 (9th Cir. 2013), all substantiate and validate this error as reversible and it being further and more pressing, a due process violation, again known to judges and prosecutors. This is confirmed by the holdings of *United States V. Agurs*, 427 U.S., at 104, 112-113, 96 S.Ct., at 2397, 2401-2401 (1976) in which the standard by which the trial judge need apply to materiality of evidence is if the omitted evidence creates a

reasonable doubt of guilt that did not otherwise exist, then the constitutional error has been committed, as this violation arises from the suppression of the evidence and is due to the character of the evidence and was sought through timely filed motion, to secure and ensure a fair trial. The U.S. Supreme Court reversed a conviction due to failure to provide victim's record and this was not asked for, where the opposite in this case (Miller) is true and should warrant reversal as well. This is a Due Process Constitutional Right as this evidence is material as it provides a reasonable probability that, had it been disclosed, the result of the proceedings would have been different as this kept out is exculpatory and mitigating evidence and cannot be excused by prosecution for production if only police had it or other investigators due to the disclosure obligations of prosecutors, and would have allowed defense to attack the thoroughness of, and good faith of the investigation.

This error deprived the Appellant/Defendant of a fair trial twice as trial objections were overruled as to burden being placed on Defendant by this and prejudice was administered as Defendant was struck (verbally) over the shoulders of his counsel as is found in the R.R. volume 4 of 6, pages 21, 23, and 49 and 56. All aforementioned, substantiate proof of error on the trial court as well as Fourth Court of Appeals as is held in the following cases, Articles, and Amendments: Jackson V. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); Crocker V. State, 573 S.W. 190 (Tex. Crim. App. 1978); Griffin V. State, 614 S.W. 2d 155 (Tex. Cr. App. 1981); Keeter V. State, 43 S.W. 3d 667, 676 (Tex. App.-Waco 2001); Keeter V. State, 74 S.W. 3d 31, 39 (Tex. Crim. App. 2002); Keeter V. State, 97 S.W. 3d 709 (Tex. App.-Waco 2003); Brady V. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963); Macin V. State, 851 S.W. 2d 275, 278-79 (Tex. Crim. App. 1993); Banks V. Dretke, 540 U.S. 668, 675-76, 124 S.Ct. 1256, 157 L.Ed. 2d 1166 (2004); U.S. V. Stever, 603 F. 3d 747 (CA9 2010); Corl V. Curtin, 698 F. Supp. 2d 918 (W.D. Mich. 2010); Brooks V. State, 323 S.W. 3d 893 (Tex. Crim. App. 2010); Castillo V. State, 374 S.W. 3d 357 (Tex. App. San Antonio 2010); Lopez V. State, WL 4187555 (Tex. App. Austin 2013); Hardin V. Stephens, WL 1724849 (N.D. Tex. 2014); Bhakta V. State, 981 S.W. 2d 293 (Tex. App. San Antonio 1998, pet. ref'd); Cage V. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed. 2d 399 (1990); Lopez V. State, 500 S.W. 2d 844 (Tex. Crim. App. 1973); U.S. V. Tocy, 52 F. 3d 207 (CA9 1995); Ex Parte Adams, 768 S.W. 2d 281, 293 (Tex. Crim. App. 1989); Kyles V. Whitley, 514 U.S. 419, 445-46 (1995); United States V. Bagley, 473 U.S. 667, 682 (1985); Ex Parte Graves, 271 S.W. 3d 801 (Tex. App.-Waco 2008) (NO. 10-08-00189-CR); Franklin V. State, 138 S.W. 3d 351 (Tex. Crim. App. 2004); Franklin V. State, 986 S.W. 2d 349, 352 (Tex. App.-Texarkana 1999) Id at 354-355; Disciplinary Rules of Professional Conduct-Rule 3.09(d); Texas Code of Criminal Procedure Articles 1.04, 1.05, and 2.01; Rules of Appellate Procedure 21.3(e)(h); 33.1(1)(B); 44.2(a); Article 1, Section's 13, 14, and 19 of the Texas Constitution; and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

C. The Court of Appeals incorrectly held Appellant's points of error three and four concerning suppression, affirming the Court's ruling, as statements

sought to be suppressed were made in custody as the definition found in the Texas Penal Health and Safety Code, Texas Code of Criminal Procedure, and Honorable Judge Mary Roman's Findings of Fact and Conclusions of Law that more than define the term, as his freedom of movement that is associated with a formal arrest, i.e. handcuffs, was removed. The action, by itself, of placing a person in handcuffs initiates applicable Constitutionally established rights against self-incrimination, usually compulsory, in which Officer's failed to enforce or to even abide by, as these are outlined procedurally in the San Antonio Police Department's General Manual as no more than a simple 4 step process. Officer Morgan testified that she was told not to read him (Miller) his rights. These alleged statements were not recorded as Officer's Woodard and Morgan both stated their recording devices did not work properly, which violates Article's of the Texas Code of Criminal Procedure.

The questions asked of Appellant/Defendant at the scene after being placed in handcuffs, "for officer safety", did not trigger the public safety exception or the concern for officer safety as the location of the knife was given in direct response to both Officer's Woodard and Morgan's "express question or functional equivalent" that then admonished these concerns. These questions and answers as well as statements made without proper recording, allegedly made, were products of exploitation of illegality and their authoritive positions, (Officer's), used to fabricate guilt as their word is taken without regard to the Constitutional, Articled, procedural requirements that were blatantly violated and made apparent as such as Officer's Woodard and Morgan both gave testimonies under oath and made these apparent as found in the transcripts.

These statements and aggravated perjuries are found to be transcribed in the R.R. in volume 2 of 6, pages 180, 196-201; and C.R. page 307. The statutes, Articles, procedures, rules, codes and Constitutional provisions that establish and confirm the illegality of the obtaining of and improper suppression, or lack of, can be found to be true in the Texas Code of Criminal Procedure Articles 1.05, 2.132, 2.135 (b)(2), 2.137, 3.04, 15.22, 38.18, 38.22, 38.23; Texas Rules of Appellate Procedure Rule 44.2 (a); Texas Penal Code § 36.05(a)(1)(2)(b); § 37.02(a)(1)(2); § 37.03 (a)(1)(2); § 37.09(a)(1)(2)(d)(1); § 37.10 (a)(1)(2)(3)(5)(2)(c)(f)(h)(i); § 38.01(A)(B), § 39.02, § 39.03, § 39.06; San Antonio Police Department General Manual, Section 3.00- Individual Responsibilities, Subsection 3.02-Truthfulness of Members; Section 500, Procedure 502, Subsection .08-1-4, and D, United States Constitution, Amendments 5 and 6.

These are supported by the following cases: *Miranda V. Arizona*, 348 U.S. 436, 444 (1966); *State V. Stevenson*, 184 S.W. 2d 143 (Tex. App.-Fort Worth 1990); *Wong Sun V. United States*, 371 U.S. 471, 478 (1963); *Garcia V. State*, 35 S.W. 3d 227, 244 (Tex. App.-Houston [14th Dist.] (1999); *Bell V. Milwaukee*, 746 F. 2d 1205 (1984); *Burns V. State*, 486 S.W. 2d 310 (Tex. Crim. App. 1971); *Bates V. State*, 321 S.W. 2d 76 (Tex. Crim. App. 1959); *Freeman V. State*, 354 S.W. 2d 141, case 2 (Tex. Crim. App. 1959); *Garner V. State*, 464 S.W. 2d 111 (Tex. Crim. App. 1971); *Upton V. State*, 853 S.W. 2d 548 (Tex. Crim. App. 1993); *Chee V. State*, 681 S.W. 2d 34, 37 (Tex. Crim. App. 1984); *Holmes V. South Carolina*, 547 U.S. 319 (2006); *Alford V.*

State, 22 S.W. 3d 669 (Tex. App.-Fort Worth 2000, pet. ret'd ); Brewer V. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed. 2d 424 (1977); Ex Parte Chabot, 300 S.W. 3d 768, 770-771 (Tex.Crim. App. 2009); Boyde V. State, 513 S.W. 2d 588 (Tex. Crim. App. 1974); Martinez V. State, 272 S.W. 3d 615 (Tex. Crim. App. 2008); U.S. V. Paul, 142 F. 3d 836, 843 (5th Cir. 1998); DeVaughn V. State, 296 Ga. 475, 769 S.E. 2d 70 (2015); J.D.B. V. North Carolina, 131 S.Ct. 2394 U.S. N.C. (2011); U.S. V. Martinez, 462 F. 3d 903, C.A. 8 (Minn. 2006); United States V. LeBrun, 363 F. 3d 715, 720 (8th Cir. 2004); Thompson V. Keohane, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed. 2d 383 (1995); United States V. Ollie, 442 F. 3d 1135, 1137 (8th Cir. 2006); Malloy V. Hogan, U.S. Sup. Ct. (1964); Gideon V. Wainwright, U.S. Sup. Ct. (1963); Minh V. Tucker, 417 U.S. 433 (1974); Napue V. People V. Illinois, 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S.Ct. 1173 (1959); Moffet V. Kolb, 930 F. 2d 1156 (CA 7 1991); Dickerson V. U.S., U.S. Sup. Ct. (2000); Wilson V. State, 311 S.W. 3d 452, 458 (Tex.Crim.App. 2010); Parle V. Runnels, 505 F. 3d 922 (CA 9 2007); U.S. V. Tory, 52 F. 3d 207 (CA 9 1995).

**D.** The Court of Appeals incorrectly held Appellant's "fifth point of error to be moot as in the Fourth Court of Appeals opinion, "Miller's allegations are not firmly founded in the record" and "Because the record does not affirmatively demonstrate trial counsel's alleged ineffective assistance," as well as "Direct appeal is usually inadequate vehicle for raising such a claim because the record is generally undeveloped", due to lack of raising a claim, or failure to, in trial court does not procedurally bar him from arguing claim on direct appeal, as this claim was in a sense and in the spirit of preservation, made by his motion for new trial filed in the 175th District Court January 9, 2014, and was denied. Furthermore, there is no reason for Appellant to have been required to specifically claim ineffective assistance of counsel at time of trial as to risk alienating his trial lawyer. This comes also as the Defendant at the time of his trial and during, may not even know errors by their trial attorney are even occuring and cannot possibly object. Therefore, the timely filed appeal to the Court of Appeals by Appellant is a proper procedure for seeking relief as a Defendant, and Appellant, could not, by inaction at trial, waive the right to make an ineffective counsel claim on appeal.

The burden so imposed by the Fourth Court of Appeals holding of this point, is placing said burden unfairly on Appellant as there is no meaningful opportunity to present this claim prior to appeal, and as this claim is one of a cumulative inquiry, the earliest sensible time to raise the issue is after a jury's verdict. This arises from the time requirements for filing and presenting a motion for new trial as this puts appellate counsel in a spot to adequately present ineffective assistance claim to the trial court. Trial counsel is not expected to raise and argue post-trial his own ineffectiveness, therefore if the issue is not raised post-trial it is excusable. This error need not be raised or be preserved in trial court in order to be raised on appeal. There was no meaningful or realistic opportunity for Appellant to present his ineffective assistance of counsel claim to the trial court either at trial or in a motion for new trial. For these reasons, the Court of Appeals erred in concluding that

8.

Appellant cannot raise his ineffective counsel claim on appeal. The right to the effective assistance of counsel is a right of constitutional dimensions being a right granted by the Sixth Amendment. Appellant cites his counsel ineffectively assisted him by denying him a copy or at the very least a "sit-down" to look over the discovery information intended to be brought against him at trial, as this is guaranteed by the Constitution of the United States, Texas Constitution, and the Code of Criminal Procedure.

Counsel fell below standards again as his failure to challenge the admissibility and use of a different version of a previously ruled admissible "as it is a fair representation of the conversation" and "any defects go to the weight of the evidence rather than admissibility", by Honorable Judge Mary Roman. This is a violation of due process as well as Rules of Evidence as duplicates are admissible to the same extent as the original unless a question is raised as to authenticity or it would be unfair to admit duplicate in lieu of original. Based on Judge Roman's ruling on phone call presented at motion hearing prior to mistrial on October 8, 2013, and her Findings of Fact and Conclusions of Law, the admittance of a duplicate, complete version of the same call not submitted until after mistrial as Detective Garvelli "did not have it at the time he sent the District Attorney's Appellant's case", but testified "it was on my H-drive and I was emailed a copy on the night it was made", R.R. volume 3 of 6 pages 58, 59, 77, 78, 79, 80, 81, 82, 83, and cross-examination on pages 90-101 of the same record and volume state his withholding this, states that this should have been overly objected to as this re-trial was based on this "new evidence" that was not new but a withheld copy to serve just such a purpose, a Double-Jeopardy re-trial.

The failure of counsel continued as no objections to jail recordings of phone calls that were never consented to, are a violation of State and United States Constitutions as well as State Code of Criminal Procedure and penal codes. These, along with other excluded evidence was used, in collusion with improper examples and hypotheticals, to gain a negative result to Appellant's motion for suppression as well as the contrary to law and Bill of Exception transcribed evidence. Immediately post to guilt, an objected to but overruled admittance of jail record of an alleged fight was brought via Officer R. Torres in a prejudicing manner as Appellant's Motion for Extraneous Offense notification (never ruled on) and Due Process and Confrontation Clause were violated by officer's testimony that was to serve no other purpose but prejudice. R.R. volume 5 of 6 pages 25 states notification not received prior to first trial, not second, yet continued prejudice was not objected to as officer's inflammatory statements kept coming.

Counsel's ineffectiveness was kept at a constant as his failure to call and compel a witness to provide exculpatory and mitigating evidence, although referred to in R.R. volume 3 of 6, page 103 and R.R. volume 5 of 6, page 13, as this a fundamental element of Due Process and just one error, and others did substantially effect/influence the verdict. All the aforementioned errors in this and Appellant's Brief and Supplemental Brief affirm just this. Counsel's continued ineffectiveness came as the Honorable

9.

Judge Pat Priest misread the Government Code concerning parole and good time and this is an objectionable error that should not have been committed as it misleads the jury. The Code states "It can be determined/predicted precisely how good conduct time will be applied: IT WILL NOT BE APPLIED AT ALL, this is due to the mandate of Texas Government Code. This is the exact opposite of the jury instruction given, found in R.R. volume 5 of 6, pages 43-45, and should have been objected to but was not. This is a continued display of ineffective assistance of counsel in the face of blatant judicial and prosecutorial misconduct that collectively, with all afore-mentioned improperly held points to facilitate a wrongful conviction.

Counsel fell below standard's as after Appellant's mistrial, he did not request acquittal, dismissal, or a lesser offense plea, but pushed for a mistrial against Appellant's wishes. That record was not provided to make the proper citing's as the obvious government influence of counsels decisions after not hearing certain motions and granting of Limine for State to hold Brady requested, exculpatory and mitigating evidence out, would have given Appellant proper and accurate citings of influence and misconduct, hence the Mistrial. This lead Appellant to believe that the influence over him was so great that he did in fact request mistrial, to aid the State in a trial gone bad due to their prejudice and misconduct, as well as judicial misconduct and abuse of discretion.

This obvious influence is one that is barred by the Constitution's of both the United States and Texas, and the Double Jeopardy re-trial can be raised for the first time on appeal. This was done previously filed Brief and not discussed in opinion of the Fourth Court of Appeals. This influence was found apparent in the prosecutions reading the indictment to jury, and yet no objection as this is a prejudicial error. This continued on as Appellant's credibility was attacked as he was present for both trials and according to prosecutor Alexander, Appellant had an advantage of hearing every witness and expert testify twice. The violation was committed as Appellant has the right to be present under United States Constitution and Texas Constitution, both Due Process and the Confrontation Clause allow this. The character of the victim to be a churchgoer was brought to prejudice the jury at trial and at the punishment phase severely prejudicing the jury and is prohibited, as well as the false testimony, found to be false in pages 14, 15, and 16 of the Prosecution Guide, as they state differently. These inflammatory and prejudicial remarks should have and could have been objected to, and the retrial did nothing but facilitate this blatant removal of protected, established rights that revoked a fair trial. Essentially, counsel's failure to object to blatant prejudice and failure to call an exculpatory and mitigating material witness, coupled with improper and inadequate objections to Brady material and evidence to support Appellant's self-defense claim, all had a collective effect in the rendered verdict due to the

detrimental effect on counsel's effectiveness, under government influence, had all the aforementioned violations not been committed, the verdict would have been the opposite, not guilty. This was briefed to the Fourth Court of Appeals and their opinion shows their disregard for laws, rules, rulings, Articles, Amendments, and the lack of acknowledgement of these as well as the Bill of Exception containing *Brady* material, requested in a timely motion never ruled on except as a whole, ~~motion~~, being DENIED, as Bill of Exception was made for Appellate review.

All the aforementioned, previously briefed, reversible Constitutional and highly prejudicial errors are found as such in the following language of the statutes, Articles, procedures, rules, codes, and **Constitutional** Amendments. The C.R. on pages 283-286, 300-302, 303-305, contain motions requesting information but were DENIED, ~~several attempts after made to obtain~~, hearing transcripts but denied; R.R. volume 1 of 6, pages 36 and 38; volume 2 of 6, pages 23 and 148; volume 3 of 6, pages 77-83, 58, 59, 90-101, 103, 219, 279, 300; volume 4 of 6, pages 62-64; volume 5 of 6, pages 13, 25, 26, 35, 43-45; volume 6 of 6, pages 1, 2, 14-16; Texas Penal Code §16.02(a)(b)(1)(2); Texas Code of Criminal Procedure Articles 1.05, 26.044(c)(2), 37.07, 38.23, 38.36(a)(b)(1)(2), 39.14; Rules of Evidence 401, 404(2)(3)(b), 405(a) (b), 406, 803(6), 1003; Rules of Appellate Procedure 21.3(b)(e)(h), 33.1(a)(1)(B), 44.2(a); Texas Disciplinary Rules of Professional Conduct Rules 1.01, 1.02, 1.06, 3.09(d)(for prosecutors), 8.04; found under Texas Government Code Ann. §83.006; Texas Government Code Ann. §22.108; Texas Government Code §508.149(a)(1); Texas Constitution, Article 1 § 9, 10, and 19; United States Constitution, Amendments 4, 5, 6, and 14.

The following cases are cited for their holdings that affirm violations both to be State and Federally recognized as such:

*Brady V. Maryland*, 397 U.S. 753 (1970); *Strickland V. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *Billy-Eko V. United States*, 8 F.3d 111 C.A.2 (1993); *Mormul V. State*, 753 S.W. 12 (Tex. App.-Dallas 1989, pet. ref'd); *Gomez V. State*, 858 S.W. 2d 656, 658 n.1 (Tex. App. Fort Worth 1993 pet. ref'd); *Ex Parte Peterson*, 117 S.W. 3d 804, 816-17 (Tex. Crim. App. 2003); *U.S. V. Rivera*, 384 F.3d 49 (CA3 2004); *Lombard V. Lynaugh*, 868 F.2d 1475 (CA5 1989); *Agard V. Portuondo*, 159 F.3d 98 (CA 2 1998); *Vela V. Estelle*, 708 F.2d 954 (CA5 1983); *Aldridge V. Cockrell*, 92 Fed. Appx. 60 (5th Cir. (Tex.) 2003); *Ries V. Quarterman*, 522 F.3d 517 (5th Cir. (Tex.) 2008); *Greene V. Cooper*, 2013 WL 1567444 (W.D. La. 2013); *Napue V. People V. Illinois*, 360 U.S. 264, 3 L.Ed. 2d 1217, 79 S.Ct. 1173 (1959); *Moffett V. Kolb*, 930 F. 2d 1156 (CA7 1991); *Memphis Rwy.*, 389 U.S. 128, 134, 88 S. Ct. 254, 256 19 L.Ed. 2d 336 (1967); *United States V. Pugliese*, 805 F. 2d 1117 (CA7 1986); *Townsend V. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *Park V. Runnels*, 505 F.3d 922 (CA9 2007); *Geders V. United States*, 425 U.S. 80, 96 S.Ct. 1330... (1976); *Walberg V. Israel*, 766 F. 2d 1071 (CA7 1985); *Smith V. State*, 420 S.W. 3d 207 (Tex. App. 1st Dist. 2013); *Washington V. St. of* ~~State~~, 388 U.S. 14, 18 L. Ed. 2d 1029, 87 S.Ct. 1920 (1967); *U.S. V. Cronic*, 466 U.S. 648, 104 S.Ct. 2039,

11

80 L.Ed. 2d 657 (1984); *Meyer V. Estelle*, 621 F.2d 769 (5th Cir. (Tex.) 1980); *Murray V. Carrier*, 477 U.S. 496, 91 L.Ed. 2d 397, 106 S.Ct. 2639 (1986); *Nero V. Blackburn*, 597 F.2d 991, 994 (5th Cir. 1979); *U.S. V. Tony*, 52 F.3d 207 (CA 9 1995); *Thomas V. State*, 841 S.W. 2d 399 (Tex. Crim. App. 1992); *Alcorta V. Texas*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9 (1957); *Brady V. Maryland*, 373 U.S. 83 (1963); *Banks V. Dretke*, WL 4914890 E.D. Tex. 2006; *Higginbaum V. State*, 416 S.W. 3d 921 (Tex. App. Houston 1st Dist. 2013); *Menefee V. State*, 211 S.W. 3d 893 (Tex. App. Texarkana 2006); *Johnson V. State*, 169 S.W. 3d 223 (Tex. Crim. App. 2005); *Green V. State*, 55 S.W. 3d 633 (Tex. App. Tyler 2001); *Castaneda V. State*, 28 S.W. 3d 216 (Tex. App. El Paso 2000); *Robinson V. State*, 16 S.W. 3d 808 (Tex. Crim. App. 2000); *Bandle V. State*, 847 S.W. 2d 576, 580 (Tex. Crim. App. 1993); *Jackson V. State*, 877 S.W. 2d 768, 771 (Tex. Crim. App. 1994); *Hernandez V. State*, 726 S.W. 2d 53 (Tex. Cr. App. 1986); *Caraway V. State*, 417 S.W. 2d 159 (Tex. Cr. App. 1967); *Mackenna V. Ellis*, 280 F.2d 592 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed. 2d 78 (1961); *Mercado V. State*, 615 S.W. 2d 225 (Tex. Cr. App. 1981); *Robinson V. State*, 139 S.W. 3d 748 (Tex. App. Corpus Christi 2004); *Westbrook V. State*, 29 S.W. 3d 103, 115 (Tex. Crim. App. 2000); *Wiggins V. Smith*, 539 U.S. 510, 523 (2003); *Massaro V. United States*, 583 U.S. 500, 505 (2003).
"Hearing Held On; Motions; Mtns Heard, Denied as to All, substantiating all aforementioned, briefed, violations of Due Process, discovery, and all other errors transcribed.

## V. CONCLUSION AND PRAYER

Wherefore, by reason of the reversible errors above pointed out, Appellant/Petitioner prays that his Petition for Discretionary Review be accepted and that the opinion of the Court of Appeals, Fourth, be reversed and that this caused be DISMISSED WITH PREJUDICE, or in the very least, REMANDED AND RETURNED to the 175th District Court for ACQUITTAL, and he so prays.

## VI. ORAL ARGUMENT

In the event this Petition is granted I desire oral argument for the following reasons:

1) Appellant wishes to address all aforementioned issues verbally;
2) Appellant feels as though this circumstance and appeal is best given vocal litigation as to emphasize his citings;
3) Appellant requests oral argument under the Sixth Amendment;
4) Appellant is capable of making said arguments capable of withstanding summary judgement, *Roberson V. McDonald Transit Associates Inc.*, 574 Fed. Appx. 323 C.A. 5 (Miss. 2014);
5) Appellant seeks audience to have Constitutional violators held for their indiscretion in knowingly doing such to gain conviction.

/s/ _____
Appellant Pro-Se

12.

# CERTIFICATE OF SERVICE

I, Kyle Miller, Appellant Pro-Se, hereby certify that a true and correct copy of the foregoing Petition for Review has been delivered to the prosecuting attorney, Jay Brandon, and to the State's Attorney, at Austin, Texas, by U.S.P.S.

_____

Appellant Pro-Se

13.



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00041-CR

Kyle **MILLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding[1]

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

Kyle Miller appeals his murder conviction.  The appeal was abated for a hearing, and the

trial court found that Miller should be permitted to represent himself on appeal.  In his *pro se* brief,

Miller contends the trial court erred by: (1) denying him a right to a speedy trial; (2) granting the

State's motion in limine; and (3) denying his motion to suppress and thereby admitting into

evidence statements he made to two officers.  Miller also contends trial counsel rendered

---

[1] The Honorable Mary Román presided over the hearing on the pre-trial motion to suppress and over the first trial which ended in a mistrial because the jury was unable to reach a verdict. The Honorable Pat Priest presided over the second trial, and the Honorable Mary Román signed the judgment.

ineffective assistance of counsel. We overrule Miller's issues,[2] and affirm the trial court's judgment.

## BACKGROUND

During an argument about money, Miller stabbed his father in the chest. The single stab wound killed his father. Miller testified at trial that he stabbed his father in self-defense. Miller's first trial ended in a mistrial because the jury was unable to reach a verdict. The jury in Miller's second trial found Miller guilty of murder. Based on its finding that Miller committed the offense under the immediate influence of sudden passion arising from an adequate cause, the jury assessed Miller's punishment at eight years' imprisonment.

## SPEEDY TRIAL

In his first issue, Miller contends his right to a speedy trial was violated. Miller's brief contains citations to sixteen motions he filed asserting his right to a speedy trial. The State notes that all of the motions were filed by Miller *pro se* while he was represented by counsel.

Because a defendant has no right to hybrid representation, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As a result, "a trial court's decision *not* to rule on a *pro se* motion" is not "subject to review." *Id.* Accordingly, Miller's first issue is overruled.

## MOTION IN LIMINE

In his second issue, Miller asserts the granting of a motion in limine violated his constitutional rights because it prevented him from presenting character evidence regarding the victim, evidence of the victim's propensity towards violence, and evidence of the victim's

---

[2] By order dated February 26, 2015, Miller was granted permission to file a supplemental brief; however, the order stated "Any supplemental brief filed by appellant may not raise additional issues or points of error, but must only provide additional legal support for issues or points of error raised in appellant's original brief." As a result, any additional issues raised in Miller's supplemental brief will not be addressed.

reputation for not being peaceable and law abiding. Miller asserts this evidence was necessary to prove the victim was the first aggressor.

A trial court's granting of a motion in limine is a preliminary ruling only and preserves nothing for appellate review. *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). Instead, an appellant must obtain an adverse ruling on the admissibility of the evidence during trial to preserve error for our review. *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Because Miller complains of the trial court's order granting the State's motion in limine and not about a ruling made during trial excluding the evidence Miller sought to introduce, Miller's issue is overruled.

## MOTION TO SUPPRESS AND ADMISSIBILITY OF STATEMENTS

In his third and fourth issues, Miller contends the trial court erred in denying his motion to suppress statements he made to the responding officers regarding the location of the knife he used to stab his father. Miller contends these statements were made as result of custodial interrogation; however, the statements were not recorded as required by article 38.22 of the Texas Code of Criminal Procedure, and the officers did not advise Miller of his *Miranda*[3] rights before asking the questions.

We review a trial court's ruling on a motion to suppress evidence using a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Turrubiate v. State*, 415 S.W.3d 433, 437 (Tex. App.—San Antonio 2013, pet. ref'd). Under this standard, we give almost total deference to a trial court's determination of the historical facts while reviewing the trial court's application of the law to the facts de novo. *Turrubiate*, 415 S.W.3d at 437.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966)

In its findings of fact, the trial court found Officer Eric Woodard was the first officer to respond to Miller's call to 911. When Officer Woodard arrived at the scene, he saw an individual kneeling in the yard and asked "What happened? What's going on?" Miller responded by saying, "I stabbed my dad." The trial court found Miller was not in custody at that time.

Officer Woodard then approached Miller and handcuffed him. The trial court found that Miller was then in custody. At trial, Officer Woodard testified that after he handcuffed Miller, he asked him where the knife was located that he used to stab his father. At that time, Officer Woodard had no knowledge as to whether other occupants were inside the house. Miller responded the knife was in the kitchen sink. Officer Jennifer Morgan, a second responding officer who arrived after Miller was handcuffed, asked Miller if he had anything that could poke, stab, or cut her before she patted him down. Miller responded that he did not have anything on him, but the knife he used to stab his father was in the kitchen sink. Miller continued volunteering additional information without being questioned although Officer Morgan repeatedly told him he did not have to speak to her.

A person is considered "in custody" when: (1) the individual is formally arrested, or (2) the individual's freedom of movement has been restricted to the degree associated with a formal arrest. *Thai Ngoc Nguyen v. State*, 292 S.W.3d 671, 677 (Tex. Crim. App. 2009). When Officer Woodard initially approached Miller and asked what was happening, Miller's freedom of movement had not been restricted in any degree; accordingly, the trial court did not err in concluding that Miller was not in custody when he told Officer Woodard that he stabbed his father. *See id.*; *see also Jones v. State*, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990) (noting broad general question such as "what happened" upon arriving at a crime scene is outside the constitutional definition of "interrogation").

- 4 -

With regard to Miller's statement regarding the location of the knife, the trial court concluded the officers' questions were informal questions relating to the safety of the officer and were not custodial interrogation. The public safety exception recognizes that in narrow circumstances, the threat to the safety of the officers outweighs the need for giving the *Miranda* warnings. *New York v. Quarles*, 467 U.S. 649, 655-57 (1984); *Russell v. State*, 215 S.W.3d 531, 534 (Tex. App.—Waco 2007, pet. ref'd). Under the facts in this case, we hold the trial court did not err in applying this exception to the question Officer Woodard posed regarding the location of the knife or the question Officer Morgan asked regarding whether Miller was in possession of anything that could stab her. Both questions were reasonably prompted by a concern for the officers' safety. *See Quarles*, 467 U.S. at 656-57. Moreover, even if we held the trial court erred in denying the motion to suppress with regard to Miller's statements about the location of the knife, the record does not establish how Miller was harmed by the admission of these statements given that Miller's statement that he stabbed his father was admissible. *See* TEX. R. APP. P. 44.2 (setting forth standard for determining harm); *Tollefson v. State*, 352 S.W.3d 816, 822-23 (Tex. App.—San Antonio 2011, pet. ref'd) (applying harm analysis where trial court erred in denying motion to suppress).

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Miller contends trial counsel was ineffective in numerous ways, including: (1) withholding information from him that counsel obtained from the State through discovery; (2) not challenging the admissibility of a duplicate copy of his 911 call; (3) not objecting to statements regarding good time credit; (4) not objecting to evidence of another fight in which Miller was involved while in jail after his arrest; and (5) failing to properly object to the admissibility of jail cell telephone call recordings.

There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

In this case, Miller's allegations are not firmly founded in the record because the record is silent regarding counsel's reasons for his actions. Because the record does not affirmatively demonstrate trial counsel's alleged ineffective assistance, we overrule Miller's final issue. We note, however, that our decision does not preclude Miller from resubmitting his ineffective assistance of counsel claim in an application for writ of habeas corpus which "would provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions" and "allow trial counsel himself to explain" his actions. *Thompson*, 9 S.W.3d at 814-15.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH